BRUCE W. KELLEY, ESQ.
Nevada Bar No. 7331
ARIEL C. JOHNSON, ESQ.
Nevada Bar No. 13357
LARA L. MILLER
Nevada Bar No. 12618
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
bkelley@awslawyers.com
lmiller@awslawyers.com
ajohnson@awslawyers.com

Attorneys for Defendant GEICO CASUALTY
COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN UNUSYAN, an individual | CASE NO.: 2:16-cv-02007-APG-VCF |
| Plaintiff, | |
| vs. | **STIPULATION TO CONFIDENTIALITY AND PROTECTIVE ORDER** |
| GEICO CASUALTY COMPANY, a foreign corporation, DOES I through XV, and ROE Corporations I through X, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between all parties: Plaintiff MARTIN UNUSYAN, by and through his counsel of record Gina M. Corena, Esq. and Krista J. Nielson of the LAW OFFICE OF GINA M. CORENA, and Defendant GEICO CASUALTY COMPANY, by and through its counsel of record, Bruce W. Kelley, Esq., Ariel C. Johnson, Esq., and Lara L. Miller, Esq. as follows:

1.      The parties agree that certain documents and data produced in this litigation contain confidential information. A document containing confidential information shall be designated by marking the document with a watermark indicating "Proprietary or Confidential Information – Subject to Protective Order, Case No. 2:16-cv-02007-APG-VCF."

2.      Except as otherwise provided in this stipulation or by further order of the court,

892280.DOCX

1  all documents designated confidential shall be used only for purposes of this litigation and shall
2  be disclosed only to the parties and their attorneys (including secretarial and legal staff); and to
3  any consultant retained by the parties as a potential or actual expert witness in this litigations. All
4  such individuals who are given access to the Confidential Infrmation must first agree to be bound
5  by the terms of this Stipulation and Protective Order by signing the "Acknowledgement of
6  Stipulation and Protective Order," attached as Exhibit A to that Order.

7  3.  For any deposition transcript that contains testimony concerning Confidential
8  Information, or which includes any document containing Confidential Information that is marked
9  as an exhibit, each such deposition shall be designated as "Subject to Protective Order, Case No.
10  2:16-cv-02007-APG-VCF" on the record during said deposition, placed under seal, and shall be
11  subject to the terms of the Stipulated Protective Order.

12  4.  When this litigation is concluded by judgment, settlement, dismissal or otherwise,
13  the provisions of this protective order shall remain in effect and each such confidential document
14  (and all copies thereof) shall be returned within forty-five (45) days of conclusion of the case to
15  counsel for the party that produced the confidential document.

16  5.  All documents so marked confidential may be referred to or incorporated in
17  briefs, affidavits, or other documents filed with the court provided that such documents are
18  either: (1) filed with the Clerk of Court under seal and prominently marked "Proprietary or
19  Confidential Information – Subject to Protective Order Case, No. 2:16-cv-02007-APG-VCF";
20  and (2) in a manner pursuant to United Stated District Court Nevada Local Rule IA 10-5(a).[1]

21  //
22  //
23  //
24  //
25  //
26
27  [1] The rule provides: "Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court
28  under seal must be accompanied by a motion for leave to file those documents under seal. **If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED**

892280.DOCX

6.     The stipulation/protective order shall remain in effect until further order of the court.

DATED March _16_, 2017.

ATKIN WINNER & SHERROD

BRUCE W. KELLEY, ESQ.
Nevada Bar No. 7331
ARIEL C. JOHNSON, ESQ.
Nevada Bar No. 13357
LARA L. MILLER, ESQ.
Nevada Bar No. 12618
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for GEICO CASUALTY COMPANY*

DATED March _16_, 2017.

LAW OFFICE OF GINA M. CORENA

GINA M. CORENA, ESQ.
Nevada Bar No. 10330
KRISTA J. NIELSON, ESQ.
Nevada Bar No. 10698
400 South 4th Street, Suite 500
Las Vegas, Nevada 89101
*Attorneys for MARTIN UNUSYAN*

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS
### United State Federal District Court, District of Nevada
### Case No.: 2:16-cv-02007-APG-VCF

The parties, Plaintiff MARTIN UNUSYAN; and Defendant GEICO CASUALTY COMPANY; by and through their respective counsel of record, acknowledge that certain documents produced in the subject consolidated action contain confidential information including, but not limited to, trade secrets; confidential research, development or commercial information; financial information; process and training materials; and other sensitive, non-public information (collectively, "Confidential Information").

The Court, being advised of the agreement of the parties to the entry of this Stipulated Protective Order, HEREBY ORDERS AS FOLLOWS:

1. This Stipulated Protective Order shall apply to all confidential information, properly designated as described in Paragraph 4, which is produced in this litigation.

2. In connection with discovery proceedings in the Litigation, any party to the Litigation

—————————————————— (Cont.)
UNDER SEAL UNDER COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

892280.DOCX

ATKIN WINNER & SHERROD
A NEVADA LAW FIRM

1  (the "Designating Party") shall have the right to designate as "Confidential" any testimony,

2  documents, and other material containing Confidential Information, the disclosure of which in a

3  manner other than that specified herein the Designating Party in good faith believes would

4  present a significant risk of injury to the legitimate business interests of the disclosing party or a

5  significant risk of injury to any other legitimate interest. Such Confidential Information includes,

6  but is not limited to, proprietary trade secrets; all materials reflecting, referring to or evidencing

7  any information deemed confidential by local, state, or federal statute, ordinance, regulation, or

8  other law; confidential non-public business plans or forecasts; confidential non-public financial

9  plans and forecasts; all private or sensitive commercial, financial, personal or personnel

10  information; confidential non-public underwriting and rating information; training manuals,

11  guidelines and other proprietary process documentation; and confidential research and

12  development information. Confidential Information also includes, but is not limited to, personal

13  information such as a person's social security number, medical records, personnel file, bank

14  records, tax records and other sensitive non-public information. Confidential Information may

15  take the form of, but is not limited to, (a) documents, interrogatories, requests for admission, and

16  answers and responses thereto; (b) transcripts of depositions and exhibits thereto; and (c) all

17  copies, abstracts, excerpts, analyses, and complete or partial summaries prepared from or

18  containing, reflecting, or disclosing such Confidential Information.

19      3. Confidential Information may be disclosed only to "Qualified Persons," as that term is

20  defined in Paragraph 5 below, and used only in connection with this litigation and for no other

21  purpose. All Qualified Persons receiving Confidential Information shall be bound by the terms of

22  this Stipulated Protective Order.

23      4. Any document, material, or information to be designated as Confidential Information

24  must be so designated by stamping or marking the document, material or information

25  "Proprietary or Confidential Information - Subject to Protective Order Case, No. 2:16-cv-02007-

26  APG-VCF" or with a substantially compliant designation.

27      5. Confidential Information may be disclosed to or made available by counsel of record

28  for the party receiving such information only to Qualified Persons. For the purpose of this

892280.DOCX

Agreement, the term "Qualified Persons" means:

(a) this Court (and any appellate court), including court personnel, jurors and alternate jurors;

(b) court reporters;

(c) the named parties or the officers, employees, or principals of a party, who are actually assisting counsel in the consideration or prosecution of the claims, or the defense thereof, asserted in the Litigation;

(d) counsel to the named parties to the Litigation, associate attorneys, paralegal, clerical, secretarial, and other staff employed by such counsel, or copy service personnel responsible for copying documents or materials in connection with the Litigation, who such counsel shall determine have a need to have access to such information; and

(e) independent outside experts, advisors or consultants (other than employees, officers, or directors of any party) retained by counsel of record in the Litigation.

6. Prior to any disclosure of Confidential Information to any Qualified Person defined in paragraphs 5, counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Stipulated Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Stipulated Protective Order and consent to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order. The requirements of obtaining such written agreement may be satisfied by obtaining the signature of any such person on a copy of **Exhibit A** to this Stipulated Protective Order, after having had such person read this Stipulated Protective Order. Counsel of record for each party shall maintain a list of the names of all persons to whom such documents or information is disclosed.

7. All Qualified Persons who have received Confidential Information pursuant to this Stipulated Protective Order shall safeguard such information so as to avoid any disclosure of that information, except as provided in this Stipulated Protective Order.

8. Any party to the Litigation to whom Confidential Information is produced or disclosed may object to the "Confidential" designation. The objection shall be made in writing to counsel for the Designating Party. Counsel shall confer is good faith in an effort to resolve any dispute

892280.DOCX

1  concerning such designation. Should the parties be unable to reach an agreement regarding any

2  dispute concerning the "Confidential" designation, the party which designated the document as

3  "Confidential" shall file a Motion with the Court to have the issue concerning the objection to

4  the "Confidential" designation ruled upon. In the event of a motion concerning the designation of

5  information as "Confidential," all materials the designation of which is so objected to shall

6  continue to be treated as Confidential Information until the Court rules to the contrary.

7        9. The fact that a document or information has been designated as "Confidential" shall

8  not create a presumption that the document or information is, in fact, confidential or is entitled to

9  protection by this Protective Order. It shall be the burden of the party claiming the information is

10  Confidential to prove to the satisfaction of the Court that it is Confidential and entitled to

11  protection.

12        10. Documents, depositions, or other materials designated as "Confidential" shall be used

13  by the persons receiving them only for the purpose of preparing for and conducting the

14  Litigation. Any use or disclosure of such documents, materials or information for any other

15  purposes is a direct violation of this Stipulated Protective Order.

16        11. All Confidential Information, and all copies thereof, shall be returned to counsel for

17  the Designating Party producing such documents within forty-five (45) days after the final

18  conclusion of the Litigation, including appeals. Counsel for the parties, may, within sixty (60)

19  days following the final conclusion of the Litigation, including appeals, and with notice to the

20  other parties who may object within seven (7) days thereof, withdraw all documents containing

21  Confidential Information that have been filed with the Court to the extent permitted to do so by

22  the Court and the Clerk of the Court.

23        12. The inadvertent production of any Confidential Information during discovery in this

24  action without a designation as provided herein, or the inadvertent production of any document,

25  material, or other information, not intended to be produced (e.g. due to a claim of privilege),

26  shall be without prejudice to any later claim that it is Confidential Information, or should be

27  withheld from production on the basis of privilege and no party shall be held to have waived

28  future assertion of any rights by such inadvertent production. However, disclosure of the material

1    by the other party prior to such designation is not a violation of this Protective Order.

2        13. Nothing in this Stipulated Protective Order shall prejudice the right of any party to

3    make any use of or disclose to any person any material it has designated as Confidential

4    Information, without prior court order, or to waive the provisions of this Stipulated Protective

5    Order with respect to any Confidential Information.

6        14. Nothing in this Stipulated Protective Order shall constitute or be used by any party as

7    an "admission by party opponent."

8        15. This Stipulated Protective Order does not control the treatment of Confidential

9    Information at trial. The parties agree to address the treatment of Confidential Information at trial

10   by appropriate request to the Court at the time of trial.

11       16. The Federal District Court of Nevada shall retain jurisdiction to enforce this

12   Protective Order and decide any issues related to or arising from it. The provisions and terms of

13   this Stipulated Protective Order shall survive the termination of the Litigation unless the Order is

14   terminated or modified in writing by the parties or by further Order of this Court after notice and

15   hearing.                                    March

16   IT IS SO ORDERED this ___17th___ day of ~~February~~, 2017.

17

18   _____

19   United States Magistrate Judge

20   APPROVED AS TO FORM & CONTENT:

21

22

23

24

25

26

27

28

892280.DOCX

1   DATED February _March 14_, 2017.          DATED February _March 1_, 2017.

2   ATKIN WINNER & SHERROD                    LAW OFFICE OF GINA M. CORENA

3

4

5   _____          _____
    BRUCE W. KELLEY, ESQ.                     GINA M. CORENA, ESQ.
6   Nevada Bar No. 7331                       Nevada Bar No. 10330
    ARIEL C. JOHNSON, ESQ.                    KRISTA J. NIELSON, ESQ.
7   Nevada Bar No. 13357                      Nevada Bar No. 10698
    LARA L. MILLER, ESQ.                      400 South 4th Street, Suite 500
8   Nevada Bar No. 12618                      Las Vegas, Nevada 89101
    1117 South Rancho Drive                   _Attorneys for MARTIN UNUSYAN_
9   Las Vegas, Nevada 89102
    _Attorneys for GEICO CASUALTY_
10  _COMPANY_

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKIN WINNER & SHERROD LTD
A NEVADA LAW FIRM

892280.DOCX

**EXHIBIT A**

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

*MARTIN UNUSYAN v. GEICO CASUALTY COMPANY*

In the United States District Court, District of Nevada,
Case No. Case No: 2:16-cv-02007-APG-VCF

I, _____, acknowledge that I have received and reviewed a copy of the Stipulation and Protective Order Regarding Confidential Documents, entered by the Court on this ___ day of _____, 2017, in the above-entitled action. I understand the terms of the Agreed Stipulation and Protective Order and agree to be bound by its terms.

DATE: _____

_____
Signature

_____
Name (printed)

_____
Business address

892280.DOCX